UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

LIBERTY MUTUAL INSURANCE COMPANY,

                Plaintiff,

-against-

FAST LANE CAR SERVICE, INC., VIRJILIO LAJARA, ELIS AGENCY INC., and IRINA GITSIN,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 07-CV-00037 (FB) (CLP)

*Appearances:*
*For the Plaintiff:*
JEFFREY R. KRANTZ, ESQ.
Bennett, Giuliano, McDonnell & Perrone LLP
225 West 34th Street, Suite 402
New York, New York 10122

*For Defendants Fast Lane Car Service, Inc., and Virjilio Lajara:*
EFRAIN RAMOS, JR., ESQ.
Law Office of Efrain Ramos, Jr.
95-03 101st Avenue
Ozone Park, New York 11416

**BLOCK, Senior District Judge:**

        On January 5, 2007, plaintiff Liberty Mutual Insurance Co. ("Liberty Mutual") initiated this action seeking payment of premiums on an automobile liability insurance policy. Defendants Fast Lane Car Service, Inc., and Virjilio Lajara (collectively, "Fast Lane"), were served with the complaint on February 5, 2007.[1] After Fast Lane failed to timely respond, Magistrate Judge Pollak ordered them to do so by June 25, 2007. Fast Lane ultimately filed an answer on August 3, 2007 – more than a month after the Court's deadline.

        On January 23, 2009, Fast Lane failed to appear for a scheduled status conference

---

[1] The Fast Lane defendants are the only remaining defendants. Elis Agency, Inc., and Irina Gitsin entered into a stipulated dismissal, with prejudice, on April 10, 2008. *See* Docket Entry No. 18.

before Magistrate Judge Pollak. Judge Pollak directed Fast Lane to explain its failure to appear on February 2, 2009, and warned Fast Lane that a default judgment was a possible sanction. *See* Docket Entry No. 28. Fast Lane did not respond to the Magistrate Judge's order.

On April 7, 2009, Liberty Mutual moved for an order of default. Magistrate Judge Pollak gave Fast Lane additional time to explain its failure to comply with her orders, and, once again, warned that a default judgment would be entered if no response was received. Fast Lane failed to respond. Therefore, in a Report and Recommendation dated July 17, 2009 (the "R&R"), Magistrate Judge Pollak recommended that an order of default be entered against Fast Lane; no objections to the R&R have been made.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); no such error appears here.

Accordingly, the Court adopts the R&R. The Clerk of the Court is directed to enter a judgment of default against defendants Fast Lane Car Service, Inc., and Virjilio Lajara. The matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded to Liberty Mutual.

**SO ORDERED**.

									_____
									FREDERIC BLOCK
									Senior United States District Judge

Brooklyn, New York
August 6, 2009